ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 OCT 23 PM 12:48
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-100 |
| | ) | |
| WILLIAM FLEMING, Chief Judge, and | ) | |
| DANIEL J. CRAIG, District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate at Burke County Jail in Waynesboro, Georgia, at the time he commenced this case, submitted a civil complaint to the Court for filing and sought to proceed *in forma pauperis*. (Doc. no. 2). However, upon review of Plaintiff's complaint, it was unclear to the Court whether Plaintiff was attempting to assert a claim pursuant to 42 U.S.C. § 1983, or was attempting to petition for habeas corpus relief.[1] (Id.). Because the

---

[1] Specifically, Plaintiff alleged that even though "the court" overturned his case, conviction, and sentence, he continued to be held in the Burke County Jail and had not been re-indicted. Plaintiff also claimed that "they" appear to be retrying him under the same indictment and that "they" are holding him hostage without a charge. (Id.). He asserted that he had pointed this out to the prosecutor as well as the judge, but both were disregarding the law and making their own laws. (Id.). Finally, Plaintiff sought dismissal of his criminal case, because the State failed to re-indict him within the prescribed time. The Court notes that since the filing of the above-captioned case, Plaintiff has had a third trial for the murders of his estranged wife and 15 year-old stepdaughter. He was found guilty of these murders and was sentenced to death. Sandy Hodson, "Palmer Sentenced to Death," The Augusta Chron., Aug. 25, 2007, at 2B.

nature of Plaintiff's case was unclear, the Court, by Order dated September 19, 2007, directed Plaintiff to inform the Court, within fifteen (15) days, of his intention to pursue either habeas corpus relief or a civil rights action under § 1983. (Doc. no. 3). The time has expired, and no response has been filed.

Moreover, this September 19th Order was returned as undeliverable, and the record does not reflect any notice of a change of address. Thus, in addition to failing to comply with the Court's instructions, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). In this case, Plaintiff's failure to comply with the Court's Order or even provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought to proceed *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Moreover, the Court is not permanently barring Plaintiff from bringing a meritorious claim. Nevertheless, the Court is recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3